IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RAY CHARLES SPIVEY, # B-43143,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-503-MJR |
| ) | |
| **MICHAEL P. RANDAL,** ) | |
| **SALVADORE GODINEZ,** ) | |
| **WARDEN ATCHINSON,** ) | |
| **ASSISTANT WARDEN BUTLER,** ) | |
| **and UNKNOWN DEFENDANTS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Ray Charles Spivey, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

A review of the complaint reveals that it is so muddled as pleaded that the Court cannot, with any confidence, decipher Plaintiff's intended claims. Moreover, the intended defendants are not clearly identified. Therefore, the Court finds it appropriate to exercise its authority under Section 1915A and dismiss the complaint without prejudice and with leave to file an amended complaint.

The Court observes that Plaintiff has two "strikes" under 28 U.S.C. § 1915(g), for filing actions that were dismissed for being frivolous, malicious or for failing to state a claim: *Spivey v. Walker*, No. 05-cv-00163-JPG (S.D. Ill. Dismissed Jan. 22, 2007); and *Spivey v. Elk*, 91-cv-08201 (N.D. Ill. Dismissed Dec. 31, 1991). Therefore, Plaintiff would be well advised to

be mindful of the following considerations when re-drafting any complaint, so he does not incur a third strike.

**The Defendants**

Federal Rule of Civil Procedure 10(a) dictates that the caption of a complaint name all parties. Although four individuals are specifically named as defendants, the caption also lists "Guards, Nurses, Outside Incorporations [sic], et al." The complaint also contains a listing of defendants: #1 Flemming; #2 Medical/Wexford Inc. Doctors and Nurses. There is further indication that additional defendants are to be culled from pages 2-39 of the complaint. Considering Plaintiff's *pro se* status, the Court would usually sort out the defendants and claims on its own, but that is not possible in this situation.

Pages 2-7 of the complaint set forth five claims, referencing more than a dozen additional potential defendants. The six pages that follow are exhibits; then, on what should be numbered as page 14, but which is numbered page 28, the narrative resumes. It is at this point that any pretense of organization evaporates.

What Plaintiff has labeled as pages 28-39 contains an indecipherable numbering system. It is unclear whether Plaintiff intends to list additional claims and defendants, or whether he is merely offering details relevant to the claims and apparent defendants previously mentioned in the more ordered portion of the complaint.

Plaintiff must now clearly list the defendants in the caption of the amended complaint. He must also make clear in the amended complaint each claim and against whom it is asserted.

**The Claims**

Federal Rule of Civil Procedure 8(a)(2) requires only a short, plain statement of each claim—so-called "notice pleading," as opposed to "fact pleading." However, as already noted, a complaint (or amended complaint) must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Without commenting on the merits of Plaintiff's claims, pages 2-7 of the original complaint generally meet the pleading standard. The rest of the complaint is inadequate—it is not clear who did what. Furthermore, in that Federal Rule of Civil Procedure 10(b) requires separate claims (usually numbered), but any semblance of order fades after page 7 of the complaint.[1]

These matters would seem to be easily cured but, Plaintiff should thoughtfully consider *George v. Smith,* 507 F.3d 605 (7th Cir.2007) and Federal Rules of Civil Procedure 18 and 20 when drafting his amended complaint. In *George,* the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act of 1995 ("PLRA"). 507 F.3d 605, 607 (7th Cir.2007), *citing* 28 U.S.C. § 1915(b), (g). "Unrelated claims against different defendants belong in different suits[.]" *George,* 507 F.3d at 607. Otherwise, prisoners easily

---

[1] If the information presented after page 7 was meant to be incorporated into the claims asserted within pages, 2-7, then those claims are too muddled to satisfy the Twombly pleading standard—thus, the need for an amended complaint.

could sidestep the requirements of the PLRA, Pub.L. No. 104–134, 110 Stat. 1321 (1996), in particular the PLRA's provisions regarding filing fees. *See George,* 507 F.3d at 607.

Rule 18 provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607. However, under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Research Associates., Ltd. v. Dresser Industries,* 696 F.2d 53, 57 (7th Cir.1982). Rule 20 applies with as much force to cases brought by prisoners as it does to any other kind of case. *See George,* 507 F.3d at 607. Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George,* 507 F.3d at 607.

**Pending Motions**

Plaintiff's motion for leave to proceed as a pauper (Doc. 3) will be addressed by separate order.

Plaintiff has moved for the recruitment of counsel (Doc. 2). Although he asserts that he has not received any responses from his requests to attorneys for assistance with this case,

he has not submitted supporting documentation as required. Furthermore, at this juncture, the Court perceives that Plaintiff is capable of re-drafting a coherent amended complaint, if he heeds the Court's guidance. Plaintiff completed the eighth grade and some high school, and the principal problem with his initial complaint is disorganization; the legal issues presented are not so complicated that counsel is necessary. Looking forward, there is no apparent reason for thinking Plaintiff is not capable of proceeding with discovery and pretrial motions, and even trial, without the assistance of counsel. Therefore, Plaintiff's motion for recruitment of counsel (Doc. 2) shall be denied without prejudice. The Court will remain open to the possibility of recruiting counsel as this case progresses.

Plaintiff also moves for service of process at government expense (Doc. 4). Because a viable complaint has not been filed, the issue of service of process is premature. Therefore Plaintiff's motion (Doc. 4) shall be denied as premature. However, *if* a viable amended complaint is filed, and *if* Plaintiff is granted pauper status, service of process at government expense will be automatic pursuant to 28 U.S.C. § 1915(d). A motion for service of process at government expense will only need to be filed *if* Plaintiff is denied pauper status and he cannot afford to have service of process effected.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED** without prejudice and with leave to amend. This dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that, on or before August 23, 2013, Plaintiff shall file an amended complaint, so captioned. Any amended complaint shall be subject to preliminary review under 28 U.S.C. § 1915A. Failure to file an amended complaint by the

prescribed deadline will result in the dismissal of this action on the merits (meaning with prejudice), pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order and for failure to prosecute this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 2) is **DENIED** without prejudice; and Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED** as premature.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. The filing fee shall remain due regardless of whether Plaintiff elects to file an amended complaint, and regardless of whether the action is dismissed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Plaintiff's motion for pauper status (Doc. 3) will be addressed by separate order.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court (and each opposing party once the cases passes muster under Section 1915A) informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 24, 2013**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
