## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAY CHARLES SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3: 13-cv-503-NJR-DGW |
| | ) | |
| KIM BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Order of Protection and Restraining Order, construed by the Court as a Motion for Preliminary Injunction (Doc. 63). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Ray Charles Spivey is an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging Defendants Christopher Bradley, Kimberly Butler, Kevin Cartwright, Ryan Davis, Richard Harrington, Aaron Hood, Shane Jones, Jacqueline Lashbrook, Donald Lindenberg, Lucas Mennerich, Roger Shurtz, Tyson Shurtz, and Aaron Westerman retaliated against him for filing grievances and lawsuits against Menard staff. In particular, Plaintiff claims he was improperly placed into segregation, deprived of personal

property, kept from repairing his television, prohibited from watching some television channels, and harassed by Menard staff (Doc. 13).

On May 1, 2015, Plaintiff filed a motion for preliminary injunction[1] (Doc. 63) asking the Court to keep the Defendants named in this lawsuit, as well as a number of other Menard staff members, away from him so that he will no longer be harassed and threatened with assault. In particular, Plaintiff claims that since he was transferred to Menard in 2011, he has constantly been "set up" to be assaulted by other inmates and insulted by staff members, and his complaints about such have been ignored. On May 15, 2015, Defendants filed their response to Plaintiff's motion (Doc. 64) arguing, *inter alia*, that this Court lacks jurisdiction to grant Plaintiff's request for injunctive relief as it concerns individuals who are not parties to this case. Additionally, Defendants argue Plaintiff has not alleged any particularized facts in his motion demonstrating he is entitled to relief against the named Defendants.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

---

[1] Plaintiff styled his filing as an "Order of Protection, Restraining Order," however, upon review, the Court finds that Plaintiff seeks preliminary, injunctive relief and, as such, construes Plaintiff's filing as a motion for preliminary injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.,* 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id*. In addition, the Prison Litigation Reform Act provides a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm…," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Importantly, the purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. The Court notes the Plaintiff is seeking preliminary injunctive relief from parties not named in the complaint. As such, to the extent that Plaintiff seeks relief from individuals not a party to this action, Plaintiff's motion is improper. To the extent Plaintiff seeks preliminary injunctive relief from Defendants named in his original complaint, and subsequent amended complaints, the Court is only concerned with Defendants named in the operative complaint, Plaintiff's second amended complaint. Plaintiff has not alleged any particular actions undertaken by Defendants that relate to the claims currently pending in this lawsuit and present him with a threat of irreparable harm. The Court notes that in

his motion Plaintiff indicated he "wrote Warden Butler requesting to be moved out of this cell house"; however, Plaintiff failed to provide any particular details about when and why this occurred or how it may cause him imminent harm. Plaintiff does not specifically mention any other named Defendant in his motion for preliminary injunction. Because Plaintiff has failed to set forth any evidence establishing that he is in imminent harm due to Defendants' actions, he has failed to meet his burden to demonstrate that a preliminary injunction is warranted.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 63) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen days (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATE: June 4, 2015**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**