IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAY CHARLES SPIVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV- 503-NJR- DGW |
| | ) |
| KIM BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on June 4, 2015 (Doc. 68). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff Ray Charles Spivey's Motion for Order of Protection and Restraining Order (Doc. 63), construed by the Court as a motion for preliminary injunction. Plaintiff filed a timely objection on June 15, 2015 (Doc. 71). For the reasons set forth below, Magistrate Judge Wilkerson's Report and Recommendation is adopted in its entirety.

## Background

Plaintiff Ray Charles Spivey, an inmate currently housed at the Menard Correctional Center ("Menard"), brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After the initial screening, Plaintiff was allowed to proceed on seven counts against thirteen Defendants (Doc. 13). Generally, Plaintiff's claims assert that Defendants retaliated against him for filing

grievances and lawsuits against Menard staff. More specifically, many of Plaintiff's claims assert that Defendants deprived him of his personal property, or interfered with the use of his personal property, with a retaliatory motive. The events complained of spanned from February 4, 2013, until November 2, 2013.

On May 1, 2015, Plaintiff filed a motion for preliminary injunction seeking an order from the Court to keep Defendants, as well as other Menard staff members, away from him so that he will no longer be harassed and threatened. Defendants filed a response (Doc. 64) arguing that this Court lacks jurisdiction to grant Plaintiff's request for injunctive relief as it concerns individuals who are not parties to this case. Defendants further assert that Plaintiff has not alleged any particularized facts in his Motion demonstrating that he is entitled to injunctive relief.

## Conclusions of the Report and Recommendation

Magistrate Judge Wilkerson issued a Report and Recommendation on June 4, 2015. Based on the record before the Court, Magistrate Judge Wilkerson found that Plaintiff was not entitled to injunctive relief. Specifically, Magistrate Judge Wilkerson found that Plaintiff had not alleged any particular actions undertaken by the Defendants related to the claims currently pending in this lawsuit. Moreover, Plaintiff failed to provide any particular details regarding the named Defendants which present a threat of irreparable harm.

## Discussion

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788

(N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

*Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 589–90 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh 'the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Debelius*, 735 F.3d 654, 665 (7th Cir. 2013). Additionally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); s*ee also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Here, Plaintiff has not raised any new arguments in his Objection. Rather, Plaintiff continues making the same allegations raised in his previous pleadings. These same assertions were carefully considered by Magistrate Judge Wilkerson in his Report

and Recommendation. The undersigned agrees with the conclusions reached by Magistrate Judge Wilkerson and sees no need to discuss, in any additional detail, the bases for those conclusions. The essential point is that Plaintiff has failed to set forth any evidence establishing that he is in imminent harm due to the actions of the named Defendants. It is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its justification by a clear showing. *Mazurek,* 520 U.S. at 972. Plaintiff has failed to meet his burden to demonstrate that preliminary injunction is warranted. Accordingly, the Court finds no reason to reject Magistrate Judge Wilkerson's recommendation.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 68). Plaintiff's Motion for Preliminary Injunction (Doc. 63) is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 24, 2015

s/ Nancy J. Rosenstengel  
**NANCY J. ROSENSTENGEL**  
**United States District Judge**