## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAY CHARLES SPIVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-503-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER, RICHARD | ) | |
| HARRINGTON, JACQUELINE | ) | |
| LASHBROOK, KEVIN CARTWRIGHT, | ) | |
| CHRISTOPHER BRADLEY, ROGER | ) | |
| SHURTZ, LUCAS MENNERICH, AARON | ) | |
| HOOD, DONALD LINDENBERG, | ) | |
| AARON WESTERMAN, SHANE JONES, | ) | |
| TYSON SHURTZ, and RYAN DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 75), recommending that Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 57) be granted and that this matter be dismissed without prejudice for failure to exhaust administrative remedies. The Report and Recommendation was entered July 23, 2015 (Doc. 75). Plaintiff filed a timely objection to the Report and Recommendation on August 10, 2015 (Doc. 76).

### BACKGROUND

Plaintiff Ray Charles Spivey, an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983, alleging that, because of his history of filing grievances and civil lawsuits, he has been subjected to

repeated harassment and retaliation from the correctional facility staff.

Plaintiff's initial complaint in this matter (Doc. 1) was dismissed without prejudice and with leave to amend by Chief Judge Michael J. Reagan (Doc. 6). On July 25, 2013, Plaintiff filed an amended complaint (Doc. 8). Prior to the Court undertaking its screening of the amended complaint, Plaintiff filed his second amended complaint (Doc. 12), the operative complaint in this matter. The Court reviewed Plaintiff's second amended complaint and allowed Plaintiff to proceed on the following counts:

> **Count 1**: Jacqueline Lashbrook placed Plaintiff in segregation under "investigatory status" in retaliation for Plaintiff filing grievances and lawsuits against Menard Staff, in violation of the Plaintiff's rights under the First Amendment;

> **Count 2**: Aaron Hood and Aaron Westerman deprived Plaintiff of his personal property in retaliation for Plaintiff filing grievances and lawsuits against Menard staff, in violation of Plaintiff's rights under the First Amendment;

> **Count 3**: Roger Shurtz, Kevin Cartwright, Ryan Davis, and Shane Jones interfered with the repair of Plaintiff's television and the applicable warranty in retaliation for Plaintiff filing grievances and lawsuits against Menard staff, in violation of Plaintiff's rights under the First Amendment;

> **Count 4**: Kimberly Butler, Shane Jones, Richard Harrington, and Kevin Cartwright failed to intervene to secure the repair and return of Plaintiff's television in retaliation for Plaintiff filing grievances and lawsuits against Menard staff, in violation of Plaintiff's rights under the First Amendment;

> **Count 5**: Tyson Shurtz and/or Kevin Cartwright "locked out" all but five of the sixty-six channels on Plaintiff's television, in retaliation for Plaintiff filing grievances and lawsuits against Menard staff; in violation of Plaintiff's rights under the First Amendment;

> **Count 6**: Kevin Cartwright, Donald Lindenberg, Richard Harrington, Lucas Mennerich, and Jacqueline Lashbrook failed to investigate and cure the locked channels and repair issues with Plaintiff's television, in retaliation for Plaintiff filing grievances and lawsuits against Menard staff, in violation of Plaintiff's rights under the First Amendment;

**Count 7**: Aaron Hood, Ryan Davis, Donald Lindenberg, and Christopher
Bradley engaged in a course of harassment, in violation of Plaintiff's rights
under the First Amendment.

Defendants in this case, Richard Harrington, Kimberly Butler, Jacqueline Lashbrook,

Kevin Cartwright, Roger Shurtz, Lucas Mennerich, Christopher Bradley, Aaron Hood,

Donald Lindenberg, Aaron Westerman, Shane Jones, Tyson Shurtz, and Ryan Davis, filed a

motion for summary judgment on the issue of exhaustion (Doc. 57), arguing that Plaintiff

failed to exhaust his administrative remedies prior to filing suit. Based on a review of the

grievance record maintained by the Administrative Review Board ("ARB") and Menard,

Defendants contend that Plaintiff failed to grieve, or failed to exhaust his grievances, as to

every claim against each Defendant prior to filing this lawsuit. Plaintiff responded to

Defendants' motion (Doc. 60 and 61), and on July 13, 2015, a hearing was held pursuant to

*Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), in which Plaintiff appeared by video-conference

and testified as to the efforts he undertook to exhaust his claims in this matter.

As indicated above, Plaintiff claims that Defendants harassed and retaliated against

him due to his history of filing grievances and civil lawsuits. The events complained of

occurred approximately between February 2013 and November 2013. In Defendants'

motion seeking summary judgment on the issue of exhaustion, they point to five grievances

filed during this timeframe that relate to the claims and/or Defendants in this lawsuit, the

content of which is set forth below.

On **April 3, 2013**, Plaintiff filed a grievance (Def. Ex. A-3, Doc. 58-4, pp. 10-11),

complaining that his personal property was stolen or missing after he was placed in

segregation. The only Defendant mentioned in this grievance is Jacqueline Lashbrook,

whom Plaintiff states told him that "someone would be disciplined because [his] property

was not inventoried," and indicated that internal affairs is responsible for the security of his property. Plaintiff's counselor responded to this grievance on April 16, 2013, and the Grievance Officer reviewed it on June 13, 2013. The Warden, Richard Harrington, concurred with the Grievance Officer's review on June 19, 2013, and Plaintiff appealed the decision to the ARB, which responded on the merits on April 9, 2014.

Plaintiff filed a similar grievance complaining about the loss of his personal property on **April 11, 2013** (Def. Ex. A-3, Doc. 58-4, pp. 12-13). Plaintiff explains that, on February 4, 2013, Jacqueline Lashbrook had him cuff up to be taken to segregation, and he was not allowed to pack his property. Plaintiff further claims that when his property was returned, various items were missing, and Jacqueline Lashbrook indicated she would look into it. Plaintiff's counselor reviewed this grievance on April 12, 2013. On June 13, 2013, the Grievance Officer reviewed this grievance along with the April 3 grievance. Richard Harrington concurred in the Grievance Officer's response on June 19, 2013. Plaintiff then appealed to the ARB, which responded on the merits on April 9, 2014.

Plaintiff filed two more grievances pertaining to issues concerning his television and the repairs to it, dated **October 15, 2013,** and **October 28, 2013**. In particular, Plaintiff complains that his television was improperly taken to the vocational repair shop instead of the commissary. Plaintiff informed Defendants Jacqueline Lashbrook, Ryan Davis, Aaron Hood, Shane Jones, and Kimberly Butler of the issues related to his television repair, to no avail. The counselor responded to these grievances on October 23, 2013, and on October 31, 2013, respectively, and the Grievance Officer responded to them on November 26, 2013. Richard Harrington concurred with the Grievance Officer's response on November 27, 2013, and Plaintiff appealed the decision to the ARB. The ARB received Plaintiff's

grievances on December 9, 2013, and issued its response on the merits on July 7, 2014.

Plaintiff also filed a grievance dated **January 22, 2014** (Def. Ex. A-4, Doc. 58-5, pp. 2-3) naming Defendants Donald Lindenberg, Kevin Cartwright, and Roger Shurtz. In this grievance, Plaintiff complains that he was issued a disciplinary ticket that was unjustified and that he was prevented from presenting his defense at the hearing. There is no counselor's response regarding this grievance, but the Grievance Officer responded to it on the merits on February 25, 2014. Richard Harrington concurred with the Grievance Officer's response on February 25, 2014, and Plaintiff appealed the decision to the ARB, which received this grievance on March 3, 2014. There is no response by the ARB to this grievance in the record before the Court.

CONCLUSION OF THE REPORT AND RECOMMENDATION

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies. Specifically, Magistrate Judge Wilkerson studied the various grievances that Plaintiff filed and found that only five were relevant and related to the events subject to this suit: the April 3 and April 11, 2013 grievances, the October 15 and October 28, 2013 grievances, and the grievance dated January 22, 2014. Magistrate Judge Wilkerson also found that Plaintiff did not wait the prescribed statutory time period before filing suit. Furthermore, Plaintiff's January 22, 2014 claim was filed *after* Plaintiff's Second Amended Complaint (Doc. 12) was filed with the Court.

DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 737(b)(1)(B),(C); FED. R. CIV. P. 72(b); SDIL-LR

73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *See also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id*. (quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)). Where neither timely nor specific objections to the Report and Recommendation are made, however, pursuant to 28 U.S.C. 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff has filed a timely objection to the Report and Recommendation. In that objection, Plaintiff reiterates the arguments that his belongings were stolen from him or lost when he was moved to segregation. Plaintiff also claims that his television was taken to the incorrect repair shop to be fixed, and, when it was returned, a majority of the channels were blocked. Plaintiff further argues that all of these actions were taken in retaliation due to his filing of lawsuits and grievances.

As an initial matter, the Court adopts Magistrate Judge Wilkerson's finding that Plaintiff is not credible in his assertion that his attempts to grieve the events at issue in this lawsuit were thwarted by grievances being intentionally lost or destroyed. During a *Pavey* hearing, a court is permitted to make findings of fact and credibility assessments. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). Magistrate judges are in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the

interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Magistrate Judge Wilkerson assessed the credibility of Plaintiff's statements and found them lacking reliability. It is not the Court's business at this time to second-guess Magistrate Judge Wilkerson's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations"). Since Plaintiff's incarceration in 1995, he has successfully filed many grievances. Because of this, in conjunction with the fact that Plaintiff was unable to give any specific details about the "lost or destroyed" grievances, this Court finds that Plaintiff is not credible in his assertions.

Thus, the main question before the Court is whether Plaintiff fully exhausted his administrative remedies before filing suit. When reasonably feasible, the ARB is required to make a final determination within six months. ILL. ADMIN. CODE. TIT. 20 § 504.850(f). In order for Plaintiff's administrative remedies to be exhausted, he must have a final decision on the merits from the ARB. 42 U.S.C.A. § 1997e(a). Failure to exhaust all of these remedies is an affirmative defense, which defendants have the burden to prove. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). Plaintiff filed his Second Amended Complaint (Doc. 12) on November 27, 2013, five months after the ARB received his appeal pertaining to his April 3 and April 11, 2013 grievances. Therefore, Plaintiff did not wait the appropriate amount of time before filing suit. ILL. ADMIN. CODE TIT. 20, § 504.850(f); *Mlaska v. Shah*, 428 Fed.Appx. 642, 645 (7th Cir. 2011) ("When Mlaska filed suit, he had not allowed the prison a reasonable time to respond to his grievances, and thus we agree that he had not yet exhausted his available remedies); *Bentz v. Qualls*, No. 14-

CV-0562-MJR-SCW, 2015 WL 5062775, at *5 (S.D. Ill. Aug. 26, 2015) (holding that because plaintiff filed suit before the ARB had a chance to respond, he had not exhausted all of his remedies). Plaintiff is also prohibited from exhausting his remedies while his lawsuit is pending. *Bentz v. Qualls*, No. 14-CV-0562-MJR-SCW, 2015 WL 5062775, at *3 (S.D. Ill. Aug. 26, 2015) (citing *Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002)). Thus, the Court finds that the Plaintiff did not exhaust his remedies in regard to these grievances.

In regard to the October 15 and October 28, 2013 grievances, Richard Harrington received Plaintiff's appeal of the Grievance Officer's decision on the same day that Plaintiff filed his second amended complaint, November 27, 2013. The ARB received these grievances on December 9, 2013, and responded on the merits on July 7, 2014. Accordingly, the Court finds that the Plaintiff did not exhaust his remedies with respect to his October 15 and October 28, 2013 grievances.

Finally, Plaintiff's grievance dated January 22, 2014 is insufficient to exhaust any claims in this matter as it was filed *after* Plaintiff initiated this lawsuit. Further, there is no ARB response on the record, so it is not apparent that this grievance was ever addressed on the merits.

Overall, the Court finds the factual findings and rationale of the Report and Recommendation sound. It is well-established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus the motion for summary judgment must be granted.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 75). Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Doc. 57) is **GRANTED**, and this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED:  September 8, 2015**

**s/ Nancy J. Rosenstengel____**
**NANCY J. ROSENSTENGEL**
**United States District Judge**